MILLS *et al.* v. GOODENOUGH *et al.*

(*Supreme Court, Special Term, New York County.* February 18, 1890.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—SUITS BY CREDITORS.

Until an assignee for the benefit of creditors has qualified, his refusal to sue to set aside as fraudulent a subsequent conveyance by the debtor cannot give the judgment creditors the right to maintain such suit.

On demurrer.

Action by Sarah T. Mills and the Addressing, Mailing & Duplicating Company, Limited, judgment creditors of Edward Goodenough, against Edward Goodenough and Mary Jane Goodenough, his wife, Gilbert H. Stiles, Leopold Gotlieb, James W. Pratt, C. Wesley Pratt, William A. Jones, Jr., as assignee for the creditors of Edward Goodenough, and John Bently and Lizzie Bentley, his wife, to set aside as void a deed from defendant Goodenough to defendant Bentley. Defendants demurred to the complaint.

*George Endres*, (*Charles M. Earle*, of counsel,) for plaintiffs.    *Hy. Huffmann Browne*, for defendants.

VAN BRUNT, J. This action is claimed to be brought in aid of an assignment. The defendant Goodenough, in June, 1881, made and delivered to the defendant Jones an assignment of all his property for the benefit of his creditors. Said assignment was duly filed and recorded, but the assignee, Jones, never qualified as assignee, and no new or substituted assignee has been appointed. The plaintiffs, being judgment creditors of Goodenough, requested the said assignee to bring an action to recover the property mentioned in the complaint, alleged to have been improperly conveyed by Goodenough, which the assignee refused to do; and the plaintiffs thereupon brought this action, asking that the conveyance be declared fraudulent and void, and that a conveyance be made of the property to a receiver to be appointed for the benefit of the creditors, etc.

The theory upon which this action is maintainable is that the trustee has improperly refused to enforce the rights in which the *cestuis que trustent* have an interest, and in such cases the *cestui que trust* is permitted to enforce the rights for the benefit of the trust-estate. The rule, however, presumes a right in the trustees to maintain the action which he has refused to exercise. In the case at bar, the assignee, never having qualified, was never in a position to maintain any action in his representative capacity; and consequently his failure to bring the action could not confer any rights upon the creditors, as such failure was not improper, and he was not in a condition to enforce any supposed rights. It seems to me that, before these creditors have any standing in court, a representative of the assigned estate must exist who improp-

erly refuses to enforce the claim asserted in the action brought by the creditor. The right of action is in such representative; and it is to enforce this claim, which he improperly refuses to do, that the creditor is allowed to intervene. I think, therefore, that this action cannot be maintained in its present form until a trustee is in existence having the right to bring the action, and improperly refuses to do so. The demurrer must be sustained, with costs.